Michael Bleicher (SBN 313892)
michael.bleicher@zwillgen.com
ZWILLGEN PLLC
1900 M Street NW, Suite 250
Washington, DC 20036
Telephone: (202) 706-5251

*Attorneys for Defendant
Care.com, Inc.*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LICEA, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CARE.COM, INC., a Delaware corporation, d/b/a WWW.CARE.COM,<br><br>　　　　　Defendant. | Case No.: **'25CV0266 AJB  JLB**<br><br>DEFENDANT CARE.COM, INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA<br><br>28 U.S.C. §§ 1332, 1441, 1446, 1453<br><br>[*Filed concurrently with Civil Cover Sheet, Declaration of Bill Chase; Notice of Interested Parties and Corporate Disclosure Statement*]<br><br>Removed from San Diego Superior Court Case No. 25CU000304C |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA; PLAINTIFF JOSE LICEA; AND PLAINTIFF'S ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Care.com, Inc. ("Care.com") hereby removes this action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453. In support of this notice of removal, Care.com states as follows:

**PROCEDURAL HISTORY AND PLAINTIFF'S ALLEGATIONS**

1. This matter was filed on behalf of Jose Licea, a resident and citizen of California, who takes issue with the practices of Defendant Care.com, a website that helps users find local caregivers in their communities.

2. Plaintiff contends that Care.com violates the California Invasion of Privacy Act (Cal. Penal Code § 630 *et seq.*, "CIPA") by allegedly deploying TikTok Software on its website "to capture the phone number, email, routing, addressing and other signaling information of website visitors" without obtaining its customers' consent. (Compl. ¶¶ 40-41.)

3. Plaintiff seeks relief for himself and a putative class of Care.com customers who are California residents under CIPA § 638.50. (*Id.* ¶¶ 29, 41.)

4. Plaintiff seeks various forms of relief, including (i) statutory damages, (ii) attorneys' fees, and (iii) class certification. (*Id.* at 9.)

**I.  REMOVAL IS TIMELY**

5. This action was filed on January 2, 2025, in the Superior Court of the State of California for the County of San Diego. (Ex. A at 3 (Summons).)

6. Plaintiff first served this action on Care.com through its registered service agent on January 7, 2025. (Ex. A at 1 (Service of Process Notification).)

7. Because Care.com filed this notice of removal within 30 days following its receipt of the Complaint, removal is timely. 28 U.S.C. § 1446(b)(1).

## II. THIS ACTION IS REMOVABLE UNDER THE CLASS ACTION FAIRNESS ACT

8. "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court [and] intended CAFA to be interpreted expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). CAFA was enacted "to facilitate adjudication of certain class actions in federal court," and thus "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (citing *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013)). Any class action falling under CAFA may be removed to a federal district court in accordance with 28 U.S.C. § 1446 by any defendant. 28 U.S.C. § 1453.

9. Under CAFA, codified in part at 28 U.S.C. § 1332 and 1453, a federal district court shall have original jurisdiction over any putative civil class action in which: (1) there are at least 100 members in all proposed putative classes; (2) the matter in controversy exceeds (in the aggregate) the sum or value of $5,000,000, exclusive of interest and costs; and (3) at least one member of the plaintiff class is a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A) & 5(B). Each CAFA requirement is met here.

### A. Plaintiff's Complaint Is a "Class Action" Under CAFA and Includes More Than 100 Members.

10. CAFA jurisdiction applies to class actions where "the class has more than 100 members." *Cantaro Castillo v. W. Range Ass'n*, 777 F. App'x 866, 868 (9th Cir. 2019). Under CAFA, a class action is "any civil action filed under [R]ule

23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B); *id.* § 1453(a), (b). "The term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

11. Here, this case is a "class action" under CAFA because Plaintiff brings this case as a class action on behalf of all others similarly situated. (Compl. ¶ 29.)

12. Further, the Class alleged here has more than 100 members. Plaintiff seeks to represent a class containing "[a]ll California citizens . . . whose personal information was shared with TikTok or other third parties by Defendant" without their consent. (Compl. ¶¶ 29-30.)

13. While Care.com denies that this case is suitable for class treatment, CAFA's 100-person threshold is easily met. Accepting as true Plaintiff's allegations that *any* California citizen who "visited Defendant's website while physically in California" (Compl. ¶ 29) would have had their "personal and de-anonymized data" shared with TikTok without prior informed consent (*id.*; *see also* Compl. ¶ 20), the Class includes well over 100 members. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (quoting *Ibarra*, 775 F.3d at 1197) ("[A] removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements.").

14. Care.com's business records support this conclusion. Care.com's records show that since January 2, 2024, at least 5,000 individuals with a likely location of California visited Care.com's website. *See* Declaration of Bill Chase ("Chase Decl.") ¶ 3.

**B.   The Amount in Controversy Exceeds $5,000,000.**

15. Under CAFA, the amount-in-controversy requirement is satisfied if the amounts implicated by the claims of the putative class exceed, in the aggregate,

$5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). "[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. When determining the amount in controversy for a particular matter, "a removing defendant is permitted to rely on 'a chain of reasoning that includes assumptions.'" *Arias*, 936 F.3d at 925 (citing *Ibarra*, 775 F.3d at 1199).

16. While denying all liability, based on the allegations stated in Plaintiff's complaint, there is more than $5,000,000 in controversy. Plaintiff seeks statutory damages for violations of CIPA § 638.51 which are $5,000 per violation. (Compl. ¶ 42; Cal. Penal Code §§ 638.51(a), 637.2(a)(1).) Damages of $5,000 per violation multiplied by a putative class of at least 5,000 members puts the amount in controversy in excess of $5,000,000.

### C. The Parties are Minimally Diverse.

17. Diversity of citizenship exists under CAFA if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

18. The Complaint confirms that the parties are minimally diverse. The named Plaintiff alleges that he is a citizen of California. (Compl. ¶ 11.)

19. Care.com is organized under the laws of Delaware and its principal place of business is in Texas. *See* Chase Decl. ¶ 4; Compl. ¶ 12. Therefore, for CAFA purposes, Care.com is a citizen of Delaware and Texas.

20. CAFA's diversity requirement is met because Plaintiff is a California resident and Care.com is not. *See* 28 U.S.C. § 1332(d)(2).

### D. No CAFA Exceptions Apply.

21. This case does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d), and Plaintiff has the burden of proving

otherwise. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("[T]he party seeking remand bears the burden to prove an exception to CAFA's jurisdiction.").

### III.   VENUE

22.   Plaintiff filed the Complaint in the Superior Court of the State of California for the County of San Diego, which is located within the Southern District of California. 28 U.S.C. § 84(c)(2). This Notice of Removal is thus properly filed in this Court pursuant to 28 U.S.C. § 1441(a), 1446(a), and 1453(b).

### IV.   NOTICE

23.   28 U.S.C. § 1446(a) requires that copies of all pleadings, process, and orders served upon the removing defendant in the state court action be attached to the Notice of Removal. These materials are attached to this Notice as Exhibit A.

24.   Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal shall be contemporaneously filed with the Clerk of the Superior Court of the State of California for the County of San Diego and served upon Plaintiff.

**WHEREFORE,** pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, 1453, Defendant Care.com, Inc. respectfully removes this action from the Superior Court of the State of California for the County of San Diego, to this Honorable Court, the United States District Court for the Southern District of California.

Dated: February 6, 2025                                ZWILLGEN PLLC

By: /s/ Michael Bleicher
Michael Bleicher (SBN 313892)
michael.bleicher@zwillgen.com

*Attorneys for Defendant Care.com, Inc.*